# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA COALITION FOR IMMMIGRANT JUSTICE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WES ALLEN, in his Official Capacity as Alabama Secretary of State, *et al.*, <br><br> Defendants. | Case No.: 2:24-cv-1254-AMM |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF ALABAMA and WES ALLEN, in his Official Capacity as Alabama Secretary of State, <br><br> Defendants. | Case No.: 2:24-cv-1329-MHH |

## ORDER

Under Federal Rule of Civil Procedure 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." A district court's decision whether to consolidate actions is "purely discretionary."

*Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

District courts "have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1314 (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

To decide whether to consolidate actions, district courts consider the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 1313 (cleaned up).

Under the first-filed rule, this court has reviewed both complaints and now consolidates these cases, which challenge the same action by the Alabama Secretary of State and involve common factual and legal issues. The court takes this action *sua sponte* in the light of the obvious time-sensitive nature of these lawsuits and the need for judicial efficiency. The court sees no risk of prejudice or confusion as a result of consolidation and expects that separate lawsuits would unduly burden the parties and the court.

If any party opposes consolidation at the present time, an appropriate motion is due by Wednesday, October 2, 2024.

2

Accordingly, the court **ORDERS** the consolidation of these two cases. All filings in either case should be filed in the docket for **BOTH** cases. And the court **SETS** a telephonic status conference for 2:00 p.m. Central Time on Monday, September 30, 2024. The court will provide the dial-in information to counsel by e-mail in advance of the conference.

**DONE** and **ORDERED** this 28th day of September, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE