# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ALABAMA COALITION FOR IMMIGRANT JUSTICE**, *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **WES ALLEN, in his official capacity as Alabama Secretary of State**, *et al.*, <br><br> **Defendants.** | **Case No. 2:24-cv-1254-AMM** |
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **STATE OF ALABAMA and WES ALLEN, in his official capacity as Alabama Secretary of State,** <br><br> **Defendants.** | **Case No. 2:24-cv-1329-AMM** |

## STIPULATED CONFIDENTIALITY
## AND PROTECTIVE ORDER

This Protective Order relates to the claims filed in the consolidated cases

*Alabama Coalition for Immigrant Justice v. Allen*, No. 2:24-cv-1254 and *United*

*States of America v. Allen*, No. 2:24-cv-1329.  The State Defendants have moved

to dismiss both complaints.  Meanwhile the Plaintiffs in both cases have moved for preliminary injunctions, *AJIC*, doc. 23; *U.S.*, doc. 12, and the private Plaintiffs filed an emergency motion for expedited discovery in connection with their preliminary injunction motion,  *AJIC*, doc. 5.  Earlier this week, this Court granted in part that discovery motion and denied it in all other respects.  *AJIC*, doc. 47.  This Court ordered Secretary Allen to "produce[] (1) the Alabama voter file snapshot for August 13, 2024, (2) a current voter file snapshot which includes the date of said snapshot, and (3) the document plaintiffs have described as the Purge List, if these documents are not included in the DOJ documents" by October 4, 2024.  Additionally, this Court ordered Secretary Allen to produce the DOJ documents within three days of receiving a Request for Production from the private Plaintiffs for those documents.  The private Plaintiffs served that Request on October 1, and so the DOJ documents are also due to be produced by October 4, 2024.[1]

There is no voter file snapshot for August 13, 2024, and so Secretary Allen has secured the voter file snapshot for August 12, 2024 for production.  Additionally, he has secured the voter file snapshot for October 1, 2024.  Each of these files contain personally-identifying information of about 3.84 million voters,

---

[1]    The DOJ Documents are the documents disclosed by Secretary Allen to the United States Department of Justice as part of its inquiry in this matter.

such as birth dates, addresses, and telephone numbers.  Additionally, among the DOJ documents are files that include full driver's license numbers, full or partial Social Security numbers, and alien registration numbers (A-numbers).  It is reasonably foreseeable that similar documents might need to be produced as these cases continue (though no specific decision about any future disputes is made at this time).

Before the Court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order") in these consolidated cases.  Based on the parties' submissions and the record in these matters, the Court finds that disclosure and discovery activity in these actions are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation are warranted.  Accordingly, a protective order for such information is justified in these cases to:

- expedite the flow of information;

- facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- adequately protect information for which good cause exists for confidentiality;

- ensure that the parties are permitted reasonably necessary uses of such material in preparation for, and in the conduct of, trial and any appeals, and for no other purposes;

- address the handling of confidential materials at the end of the litigation; and,

- serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled to be treated as confidential as described herein.

After careful consideration, it is ORDERED that the motion is granted, and the Court ORDERS the following:

### 1. Designated Information

"Designated Information" means any information of any type, kind, or character that is designated as "Confidential" by a producing party, whether it be a document, information contained in a document, information disclosed during discovery, or otherwise.

### 2. Qualified Persons

"Qualified Persons" means:

a.  Counsel for the parties in these cases and their respective staff and

contractors;

b.  Independent experts or consultants (and their administrative or clerical

staff) engaged in connection with this litigation (which shall not

include the current employees, officers, members, or agents of parties

or affiliates of parties) who, prior to any disclosure of Designated

Information to such person, have signed a copy of Exhibit A agreeing

to be bound by the terms of this Protective Order;

c.  This Court and its staff;

d.  Litigation vendors, court reporters, video camera operators,

translators, and other litigation support personnel, but only to the

extent that it is reasonably necessary for them to have access to the

Designated Information in order to perform their functions related to

one or both of these cases and only if they have, prior to any

disclosure of Designated Information to such person, signed a copy of

Exhibit A agreeing to be bound by the terms of this Protective Order;

e.  The party if a natural person, but only to the extent that it is

reasonably necessary for them to have access to the Designated

Information are part of their active involvement of in the prosecution

or defense of one or both of these cases and only if they have, prior to

any disclosure of Designated Information to such person, signed a copy of Exhibit A agreeing to be bound by the terms of this Protective Order;

f.  If the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Designated Information to such person, have signed a copy of Exhibit A agreeing to be bound by the terms of this Protective Order;

g.  Trial consultants and their staff who have signed a copy of Exhibit A agreeing to be bound by the terms of this Protective Order;

h.  Such other person as this Court may designate after notice and an opportunity to be heard.

A copy of the signed Exhibit A for each Qualified Person required to complete one shall be provided to the producing party within one week of the signature being affixed to Exhibit A.   All signatures shall be handwritten, and not electronic.

**3. Designation Criteria**

a.  *Confidential Information.*  Confidential Information is information that a party in good faith believes in fact is confidential.  Information that is

generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential Information.

Snapshots of the Alabama voter file and any databases contained in the DOJ Documents, as defined above in n. 1, are specifically determined to be Confidential Information in these cases.

Additional information and documents that may be designated as Confidential Information include, but are not limited to: personal identifying information (PII) including but not limited to names, Social Security numbers or partial Social Security numbers, driver's license numbers or partial driver's license numbers, alien registration numbers (A-numbers), birth dates or partial birth dates, addresses, telephone numbers, and email addresses; individual federal and State agency records including but not limited to voter registration records, immigration records, driver's license records, law enforcement records, and unemployment records; federal and State agency operational data; and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person or the subject of an individual record to injury, harassment, or other harm; and,  information protected from disclosure pursuant to State or federal law protecting privacy and confidentiality.

Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication

was made with the understanding or reasonable expectation that the information would not become generally available to the public.

      b. *Non-Confidential Information.* Except to the extent inconsistent with the provisions of paragraph (a), above, Confidential Information shall not include information that either:

          i.  is in the public domain at the time of disclosure, as evidenced by a written document;

          ii.  becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

          iii.  the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

          iv.  lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**4. Production and Storage of Designated Information.**

      A party producing any production that includes Designated Information may take steps to ensure the security of the information in production. For instance, any producing party using cloud services products may limit the amount of time that the production will be available to the receiving parties for download, so long

as the receiving parties are allowed at least three business days to download the production.

The device on which any Designated Information is stored must be running a current operating system with the latest updates and security patches installed.

The device on which the Designated Information is stored must have endpoint protection software (antivirus/anti-malware software) installed and up to date.

The Designated Information may be protected in a password protected zipfile or a password protected file, or both. The receiving party may not share the password(s) with anyone other than a Qualified Person.  Further, the receiving party may not make copies of any password protected files which are not themselves (the copies) password protected.

## 5. Use of Designated Information

All Designated Information provided by any party or nonparty in the course of this litigation shall be used by any Qualified Person solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.  However, this Order shall not be interpreted to impose any limitations or constraints of any kind on what a producing party may do with its own information.

**6. Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Designated Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential." The designation should be made in a fashion or form that is conspicuous yet allows the Designated Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

For computer data and other electronically stored information, the medium of which makes direct marking or labeling impracticable, the producing party may mark the production media and/or accompanying cover letter, as well as the related production field if applicable (*e.g.*, in a "load file").

**7. Disclosure at Depositions**

Information disclosed at a deposition taken in this litigation may be designated by any party as Designated Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Designated Information by notifying all parties in writing not later than 14 days of

receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Designated Information thereafter, or within 7 days of the close of fact discovery in this action, whichever is earlier.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control.  All deposition transcripts shall be treated as Designated Information for a period of 14 days after initial receipt of the transcript, or for 7 days following the close of fact discovery in this action, whichever is earlier.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Designated Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Designated Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party as well as counsel for a party witness or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Designated Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Designated Information is being used or discussed.

## 8. Disclosure to Qualified Persons

a. *To Whom.*

   i. *Designated Information*: Unless otherwise ordered by the Court or permitted in writing by the designating party, Designated Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction.  If a receiving party believes that it may be required by law or court order to disclose Designated Information in another proceeding—other than a proceeding under the Freedom of Information Act, 5 U.S.C. § 552—the receiving party shall notify the party to which production would be made in that proceeding that the Designated Information is subject to the protections of this Protective Order, and the receiving party shall notify the producing party as promptly as practicable of the potential disclosure pursuant to law or court order so that the producing party may seek to intervene prior to any disclosure. Such notification to the producing party shall be made prior to any production, if possible, but no later than five (5) business days

after the receiving party becomes aware that production may be required.  If a disclosure is compelled by law or court order, the receiving party will notify the producing party of the law or court order before making such disclosure.  The receiving party shall seek a protective order or confidential treatment of such information and cooperate with the producing party to protect the information.

b. *Retention of Copies During This Litigation.*  Any Designated Information produced in this litigation, regardless of classification, that is provided to Qualified Persons shall be maintained by such Qualified Persons, and only necessary working copies of any such documents shall be made.  Any copies of Designated Information shall maintain all markings in the original that indicate that the information is "Confidential."

## 9.  Unintentional Disclosures

Documents unintentionally produced without designation as "Confidential" later may be designated and shall be treated as "Confidential" from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Designated Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make

all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

## 10. Documents Made Available for Inspection Prior to Designation

In the event documents are produced for inspection pursuant to Fed.R.Civ.P. 34 prior to designation, the producing party shall clearly indicate to the inspecting party which documents are Confidential so that the inspecting party may treat them accordingly.

## 11. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Designated Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Designated Information, irrespective of which party produced such information.  If it becomes necessary for any party to disclose during examination or cross-examination the personal identifying information (PII) of any nonparty, the Court will entertain a motion from any party or the relevant nonparty to protect that information from public disclosure.

12.Challenging the Designation

a. *Confidential Information.*  A party shall not be obligated to challenge the propriety of a designation of "Confidential" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential," the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as "Confidential."  The objecting party shall then have 14 days to move the Court for an order removing the designated status of the disputed information.  The disputed information shall remain Designated Information unless the Court orders otherwise.

b. *Qualified Persons.*  In the event that any party in good faith disagrees with the disclosure of particular Designated Information to any person, it must object within five business days after notification of the proposed disclosure of Designated Information to that person.  The parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 21 days from the date it learns of the disclosure or planned disclosure of Designated Information to the disputed person to move the

Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Designated Information.  The objecting party shall demonstrate that disclosure to the disputed person should be denied for good cause. Upon the timely filing of such a motion, no disclosure of Designated Information shall be made to the disputed person unless the Court enters an order preserving Qualified Person status or allowing the disclosure.

### 13. Manner of Use in Proceedings

In the event a party wishes to use any Designated Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) With the consent of the producing party, file only a redacted copy of the information and submit an unredacted copy of such materials to the court, if the unredacted materials would be of use to the Court in resolving the issues at hand. (2) Where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review.  Or (3) where redaction is unfeasible or impractical, move for leave to file such information under seal pursuant to *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007), or any subsequent controlling authority.  If such a motion is granted, any Designated Information shall be submitted to the Court under seal and clearly designated as "CONFIDENTIAL MATERIAL SUBMITTED UNDER SEAL."

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial.  The manner of using any Designated Information at a hearing or trial and the status of Designated Information resulting from any such use will be determined by the Court.

14. **Filing Under Seal**

The Clerk of this Court is directed to maintain under seal any documents of any kind which this Court subsequently authorizes to be filed under seal.

15. **Return of Documents**

Not later than 90 days after conclusion of this litigation and any appeal related to it, and to the extent consistent with any obligation to maintain records consistent with any law or court order, any Designated Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(c), which concerns the Court and its staff) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence during a public portion of any trial or hearing.  Compliance with this requirement shall be confirmed to the producing party in writing on or before the 90th day after the conclusion of this litigation and any appeals related to it.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including

document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Designated Information.

This provision does not require a party to manually delete any data from disaster recovery or backup systems even if that data may contain copies or fragments of the Designated Information until it is overwritten or destroyed in the ordinary course of records management. Further, this provision, as with all other provisions in this Order, does not displace or override applicable regulatory and statutory obligations regarding record retention and maintenance or disclosure.

## 16. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in these consolidated cases, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

## 17. Duty to Ensure Compliance

Parties or counsel for parties shall ensure that their respective experts, vendors, consultants, and persons signing Exhibit A at the request of such parties

or counsel ("Related Qualified Persons"), shall ensure that these Qualified Persons have read the Protective Order and understand its terms.

**18. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

**DONE** and **ORDERED** this 5th day of October, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ALABAMA COALITION FOR IMMIGRANT JUSTICE**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:24-cv-1254-AMM** |
| **WES ALLEN, in his official capacity as Alabama Secretary of State**, *et al.*, | |
| **Defendants.** | |
| **UNITED STATES OF AMERICA**, | |
| **Plaintiff,** | |
| **v.** | |
| **STATE OF ALABAMA and WES ALLEN, in his official capacity as Alabama Secretary of State,** | **Case No. 2:24-cv-1329-AMM** |
| **Defendants.** | |

**<u>EXHIBIT A</u>**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that:

I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of Alabama in these cases, *Alabama Coalition for Immigrant Justice v. Allen* and *United States v. Alabama*.

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Alabama for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of these cases.

I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address and telephone number] as my agent for service of

process in connection with this action or any proceedings related to enforcement of

this Protective Order.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____

City and State where sworn and signed:

_____ _____