UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA COALITION FOR IMMIGRANT JUSTICE, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Case No.: 2:24-cv-01254-AMM |
| WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*, | ) ) ) ) ) | **Joint Motion** |
| *Defendants*. | ) | |

### PRIVATE PLAINTIFFS' AND STATE DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS IN *ACIJ V. ALLEN*

Plaintiffs Alabama Coalition for Immigrant Justice, League of Women Voters of Alabama, League of Women Voters of Alabama Education Fund, Alabama State Conference of the NAACP, Roald Hazelhoff, James Stroop, Carmel Michelle Coe, and Emily Jortner (collectively, "Private Plaintiffs"), and the State Defendants[1] jointly move the Court to stay proceedings in *Alabama Coalition for Immigrant*

---

[1] In Private Plaintiffs' case, the State Defendants are: Hon. Wes Allen, who is sued in his official capacity as Secretary of State for the State of Alabama; Hon. Steve Marshall, who is sued in his official capacity as Attorney General for the State of Alabama; Hon. Sheila Cox Barbuck, who is sued in her official capacity as Chair of the Marshall County Board of Registrars; Hon. Jan Bennett, who is sued in her official capacity as Chair of the Elmore County Board of Registrars; Hon. Barry Stephenson, who is sued in his official capacity as the Jefferson County Registrar; and, Hon. Cindy Thrash, who is sued in her official capacity as Chair of the Lee County Board of Registrars.

*Justice v. Allen*, No. 2:24-cv-01254. While the parties believe the stay is appropriate for different reasons, they agree that a stay is appropriate and request that the Court enter one.

## I.     Background Relevant to Stay Request

This Court held a hearing in both *Alabama Coalition for Immigrant Justice v. Allen* and *United States v. Alabama*, No. 2:24-cv-01329, on October 15 and 16, 2024. Ultimately, the Court granted the United States' motion for a preliminary injunction, denied the State Defendants' motion to dismiss the United States' case, and reserved ruling on both Private Plaintiffs' motion for a preliminary injunction and the State Defendants' motion to dismiss their claims. Doc. 89; *see also* Doc. 90. The State Defendants' motion to dismiss Private Plaintiffs' case remains pending, while the State Defendants have now timely answered the United States' complaint, Doc. 95. The Court's "preliminary injunction expire[d] on the day after the 2024 General Election[,]" Doc. 90 at 5, which was in November 2024.

## II.    The State Defendants' Rationale for Stay

In the State Defendants' view, Eleventh Circuit precedent counsels in favor of a stay of Private Plaintiffs' case while the State Defendants' motion to dismiss remains pending, especially given the comprehensive nature of the motion and the jurisdictional issues raised therein. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

2

Additionally, the State Defendants represent that the 2024 process at issue in this litigation has not been restarted. Instead, the Secretary's office intends to implement a different, as yet undesigned, process in 2025. It is reasonably likely that, in designing the new process, the Secretary's office will consider which data sources to rely upon and the currency of data, among other things. Changes that the Secretary's office implements may impact the viability of some or all of Private Plaintiffs' claims.  It makes sense to avoid discovery about a process which is subject to forthcoming change. It may well be possible to end this matter, in part or in full, through mootness or otherwise, in a manner that achieves the Secretary's goals without resource consumption that litigation brings, and it makes sense to take time to adequately consider that possibility.

Finally, counsel for the State Defendants are scheduled to be in trial in February in the *Singleton*, *Milligan*, and *Caster* Congressional redistricting cases pending before this Court. That trial may reasonably be expected to be three weeks long and is time intensive. Given this, the State Defendants would like to see any discovery in this case before March be extremely limited.

### III.  Private Plaintiffs' Rationale for Stay

In light of the State Defendants' representation that the process at issue in this litigation has not been restarted and that the State Defendants intend to implement a changed process in 2025, Private Plaintiffs believe that a stay of proceedings in this

litigation to explore settlement of some or all of their claims is appropriate. Private Plaintiffs believe that such a stay of proceedings will promote judicial economy and litigation efficiency among the parties, particularly in light of the State Defendants' representation that the State Defendants have not yet developed the changed process.

Private Plaintiffs do not believe that a stay of discovery is appropriate due to the pending motion to dismiss, particularly given the overlap between Private Plaintiffs' case and the United States' case, and disagree with the State Defendants as to the applicability of *Chudasama* in these circumstances. *See, e.g.*, *A.H. v. Jackson-Olin High Sch.*, No. 2:18-cv-02081 (N.D. Ala. Mar. 12, 2019). Given the anticipated limited nature of discovery in January and February 2025 and the State Defendants' representation that they anticipate a changed process, Private Plaintiffs believe that a stay of proceedings in light of potential partial or full settlement resolution is the best path forward for conservation of judicial and litigation resources. For the same reasons, Private Plaintiffs support a status update and a revisiting of the stay in mid-March 2025.

**IV.    The Parties' Joint Request for Stay**

Despite their disagreement over the *reason* that a stay of proceedings is appropriate, both Private Plaintiffs and the State Defendants agree as to the *outcome*. Accordingly, for the separate reasons outlined above, Private Plaintiffs and the State Defendants jointly request that this Court stay proceedings in *Ala. Coalition for*

4

*Immigrant Justice v. Allen*, No. 2:24-cv-01254. Private Plaintiffs and the State Defendants propose that the Court order Private Plaintiffs and the State Defendants to file a joint status update with the Court no later than March 18, 2025.

Date: December 23, 2024                         Respectfully Submitted,

/s/ *Joseph Mitchell McGuire*
Joseph Mitchell McGuire (ASB-8317-S69M)
MCGUIRE & ASSOCIATES, LLC
31 Clayton Street
Montgomery, Alabama 36104
334-517-1000 Office
334-517-1327 Fax
jmcguire@mandabusinesslaw.com

/s/ *Michelle Kanter Cohen*
Michelle Kanter Cohen (D.C. Bar No. 989164)
Nina Beck (WI State Bar No. 1079460)
Jon Sherman (D.C. Bar No. 998271)
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 701
Washington, D.C. 20006
(202) 331-0114
mkantercohen@fairelectionscenter.org
nbeck@fairelectionscenter.org
jsherman@fairelectionscenter.org

/s/ *Kathryn Huddleston*
Danielle Lang
Brent Ferguson
Kathryn Huddleston
Kate Hamilton
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
khuddleston@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

/s/ *Ellen Degnan*
Ellen Degnan, ASB 3244I12V
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
(334) 313-0702
ellen.degnan@splcenter.org

/s/ *Jess Unger*
Bradley Heard
Sabrina Khan
Jess Unger
Southern Poverty Law Center
1101 17th Street NW
Suite 550

5

       Washington, DC 20036
       bradley.heard@splcenter.org
       sabrina.khan@splcenter.org
       jess.unger@splcenter.org

       */s/ Ahmed Soussi*
       Ahmed Soussi
       Southern Poverty Law Center
       201 St. Charles Avenue, Suite 2000
       New Orleans, LA 70170
       ahmed.soussi@splcenter.org

***Counsel for Private Plaintiffs***

Steve Marshall
 *Attorney General*

s/ Misty S. Fairbanks Messick
James W. Davis (ASB-4063-I58J)
Robert M. Overing (ASB-8736-M14Q)
 *Deputy Attorneys General*
Misty S. Fairbanks Messick (ASB-1813-T71F)
Scott Woodard (ASB-1001-F94C)
 *Assistant Attorneys General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 3538400
Jim.Davis@AlabamaAG.gov
Robert.Overing@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Scott.Woodard@AlabamaAG.gov

***Counsel for the State Defendants***

6